UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GUSTAVO L. ABRIL, | Case No.: 09-CV-05283-LHK |
| Plaintiff, | (Related Case: 10-CV-02040-LHK) |
| v. | ORDER RE: 09-CV-05283-LHK GRANTING WITH PREJUDICE DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT AS TO FEDERAL CLAIMS AND REMANDING TO SUPERIOR COURT FOR SAN BENITO COUNTY FOR CONSIDERATION OF PLAINTIFF'S STATE LAW CLAIMS; ORDER RE: 10-CV-2040-LHK GRANTING DEFENDANT'S MOTION TO DISMISS COMPLAINT WITH PREJUDICE |
| ONEWEST BANK; DOES 1 THROUGH 50, inclusive, | |
| Defendants. | |

Pursuant to Civil Local Rule 7-1(b), the Court finds both matters at issue appropriate for resolution without oral argument. Therefore, the Court vacates the hearing and Case Management Conference currently set for Thursday, September 16, 2010.[1]  In Case Number 09-CV-05283-LHK

---

[1] In ruling on dispositive motions, particularly where parties are representing themselves, it is this Court's practice to hold a hearing.  In these particular cases, however, Plaintiff has filed numerous documents attesting to his serious health issues and the hardship involved in traveling to San Jose, California.  *See, e.g.*, Pl.'s Notice of Request for Denial of Removal in Case Number 09-CV-05283-LHK at 2, filed Nov. 10, 2010 (where Plaintiff attests he has suffered a heart attack and

1

Case No.: 09-CV-05283-LHK and 10-CV-02040
ORDER GRANTING MOTION TO DISMISS

("'09' Action"), Defendant Onewest Bank, FSB moves to dismiss the First Amended Complaint ("FAC") of Plaintiff Gustavo L. Abril for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).  Prior to reassignment to this Court, the Honorable James Ware granted a previous motion to dismiss, with leave to amend.  *See* February 25, 2010 Order [dkt. #33].  In that Order, Judge Ware dismissed Plaintiff's federal claims, which fell under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, and the Real Estate and Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*  Because Plaintiffs' FAC still does not state a claim for damages under TILA or RESPA, the Court GRANTS WITH PREJUDICE Defendants' motion to dismiss with respect to the federal claims against Defendant.  The Court will REMAND the case (09-CV-05283-LHK) to the Superior Court for San Benito County for consideration of Plaintiff's state law claims.

In regard to Case Number 10-CV-02040-LHK ("'10' Action"), Plaintiff's allegations merely repeat the insufficient allegations in the '09 action.  The only difference is that Plaintiff seeks injunctive relief.   Thus, the Court GRANTS WITH PREJUDICE Defendant's motion to dismiss in Case Number 10-CV-02040-LHK.

## I. BACKGROUND

Plaintiff's FAC alleges he entered into an adjustable rate mortgage loan with IndyMac Bank, FSB on November 15, 2005.  In his original Complaint, however, Plaintiff alleged that he entered into the loan on December 23, 2005 -- Defendant contends that Plaintiff entered into the loan on December 23, 2005, and only signed loan application documents on November 15, 2005.  Plaintiff alleges that Onewest is the "successor to Indymac Bank, FSB" and refers to Onewest as "Defendant" throughout his allegations.  The amount of Plaintiff's loan was $650,000.  Plaintiff alleges that, under the terms of the loan, he would initially make 60 monthly payments of

---

stroke); *see also* Pl.'s Letter of Jan. 19, 2010 in Case Number 09-CV-05283-LHK at 1 (in which Plaintiff requested his niece be permitted to appear in court on his behalf).

2

Case No.: 09-CV-05283-LHK and 10-CV-02040
ORDER GRANTING MOTION TO DISMISS

$2,468.06, followed by 299 monthly payments of $4,747.64 beginning on February 1, 2011, and one final payment of $4,750.78. FAC ¶ 4. Plaintiff alleges that in November 2006 Defendant informed him that he was "obligated to pay a monthly installment that was substantially in excess of the $2,468.06" in violation of TILA *Id.* at ¶ 5.

Plaintiff filed suit in the Superior Court for San Benito County on October 14, 2009. Defendant removed the case on November 6, 2009. After Judge Ware dismissed Plaintiff's original Complaint with leave to amend, Plaintiff filed the operative FAC on March 15, 2010.

On April 30, 2010, in midst of the '09 action, Plaintiff filed suit against Defendant in the Superior Court for the County of Monterey, alleging a violation of TILA and seeking injunctive relief. Defendant removed the case on May 12, 2010 and moved to dismiss on May 18, 2010. Judge Ware issued an Order relating the '10 Action to the '09 Action on May 24, 2010. The facts in each case overlap to such a degree that the Court will consider both motions to dismiss in the instant Order.

## II. LEGAL STANDARDS

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. To withstand a motion to dismiss, a plaintiff must "plead enough facts to state a claim that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). "[A] formulaic recitation of the elements of a cause of action will not do. *Id*. A court must determine whether the facts in a complaint "plausibly give rise to an entitlement of relief." *Aschcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). A court need not accept as true conclusory allegations, unreasonable inferences, legal characterizations, or unwarranted deductions of fact in the complaint. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

"Although a pro se litigant . . . may be entitled to great leeway when the court construes his [or her] pleadings, those pleadings nonetheless must meet *some minimum threshold* in providing a

defendant with notice of what it is that it allegedly did wrong." *Brazil v. United States Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995) (emphasis added).

Leave to amend should be granted unless it is clear that the complaint's deficiencies cannot be cured by amendment. *Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995). If amendment would be futile, a dismissal may be ordered with prejudice. *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996).

### III. DISCUSSION

Judge Ware's February 25, 2010 Order dismissed Plaintiff's federal claims, under TILA and RESPA, with leave to amend. That Order declined to address Plaintiff's state law claims since the federal claims provided the only basis for the Court's jurisdiction. Plaintiff's FAC does not address the concerns identified in the February 25, 2010 Order dismissing his original Complaint, and thus Plaintiff's federal claims will be dismissed with prejudice.

Plaintiff's action for injunctive relief is based on the same allegations the Court has found fail to state a claim. Thus, Plaintiff's claim for injunctive relief is dismissed with prejudice.

**Case Number 09-CV-05283-LHK**

**A. TILA Claims for Damages and for Rescission**

The February 25, 2010 Order dismissed Plaintiff's TILA claim for damages because Plaintiff did not file this action until well past the one-year statute of limitations. *See* 15 U.S.C. § 1640. That Order allowed Plaintiff leave to amend to allege factual circumstances to support the equitable tolling of his TILA damages claim. *See* February 25, 2010 Order at 3; *see also King v. State of Cal.*, 784 F.2d 910, 915 (9th Cir. 1986) ("the doctrine of equitable tolling may, in the appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action."). Plaintiff's FAC alleges no facts to support equitable tolling. In fact, Plaintiff's FAC

4

Case No.: 09-CV-05283-LHK and 10-CV-02040
ORDER GRANTING MOTION TO DISMISS

alleges that as far back as November 2006, Plaintiff was surprised by higher monthly payments than allegedly agreed-upon. FAC ¶ 5. Plaintiff, as noted above, did not bring this suit until October 2009, nearly four years after the loan was consummated on December 23, 2005 (date of loan as alleged in Plaintiff's original Complaint) or on November 15, 2005 (date of loan as alleged in Plaintiff's FAC).

Although Plaintiff's original Complaint did not plead a rescission claim under TILA, Judge Ware found that, to the extent Plaintiff's allegations could be interpreted as seeking rescission, Plaintiff's rescission claim is also time-barred by the applicable three-year statute of limitations. *See* February 25, 2010 Order at 3. Plaintiff's FAC includes a vague, confusing declaration by Plaintiff that he met with an attorney on December 18, 2008, who advised him that his loan was "rescindable." FAC at 7. Plaintiff's declaration also states, for the first time in this litigation, that he and his wife signed a "cancellation notice" on December 23, 2005, the same day on which Plaintiff's original Complaint identified consummation of the loan. As Exhibits to Plaintiff's declaration, Plaintiff attached two copies of the "Notice of Right to Cancel," neither of which had the "I Wish to Cancel" portion signed. *See* FAC, Exh. A1 and A2. Apparently, Plaintiff is confusing the "Notice of Right to Cancel" with an exercise of that right to cancel. These allegations are not sufficient to support a TILA rescission claim. Moreover, as Judge Ware found in the February 25, 2010 Order, Plaintiff's filing of suit on October 2, 2009 came almost four years after the loan transaction on December 23, 2005. Even if the loan occurred on November 15, 2005 as Plaintiff's FAC now alleges, the bringing of suit is still far outside the three-year statute of limitations for TILA rescission claims. And, unlike a TILA claim for damages, a TILA claim for rescission is not subject to equitable tolling. *See* 15 U.S.C. § 1635(f); *see also Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1164 (9th Cir. 2002) ("§ 1635 is a statute of repose, depriving the

5
Case No.: 09-CV-05283-LHK and 10-CV-02040
ORDER GRANTING MOTION TO DISMISS

courts of subject matter jurisdiction when a § 1635 claim is brought outside the three year limitations period.").

The Court is mindful that Plaintiff is a *pro se* litigant and has suffered serious health problems. Plaintiff, however, must still plead enough facts to "plausibly give rise to an entitlement of relief." *Iqbal*, 129 S. Ct. at 1950. Plaintiff's FAC still fails to state a claim for which relief can be granted. Because Plaintiff, even after express direction to do so, has not provided sufficient allegations on his TILA damages claim or on his TILA rescission claim, the Court will grant Defendant's motion to dismiss both TILA claims with prejudice, as additional leave to amend would be futile. *See Brazil*, 66 F.3d at 199.

**B. RESPA**

In dismissing Plaintiff's original Complaint, Judge Ware ruled that Plaintiff's conclusory allegations of "predatory lending" did not allege sufficient facts to state a claim under RESPA. *See* February 25, 2010 Order at 4. Plaintiff's FAC identifies four causes of action (TILA, Fraud, Breach of Contract, and Elder Abuse), and nowhere mentions RESPA or any section thereof. Therefore, Plaintiff's RESPA claim is dismissed with prejudice as additional leave to amend would be futile.

**C. Supplemental Jurisdiction**

Because Plaintiff can state no viable federal claim, this Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. *See* 28 U.S.C. § 1367(c)(3) (a court may decline to exercise supplemental jurisdiction where it "has dismissed all claims over which it has original jurisdiction.").

**Case Number 10-CV-02040-LHK**

Plaintiff's Complaint in the '10 Action also alleges a violation of TILA and seeks injunctive relief preventing Defendant from "appropriating and trying to sell plaintiff's home." Prayer for

6

Case No.: 09-CV-05283-LHK and 10-CV-02040
ORDER GRANTING MOTION TO DISMISS

Relief ¶ 1.  A district court may fashion equitable relief "when necessary to remedy an established wrong."  *See High Sierra Hikers Ass'n v. Blackwell*, 390 F.3d 630, 641 (9th Cir. 2004).   But Plaintiff, as analyzed above in the '09 Action based on the same allegations, fails to state a claim for any relief, let alone the equitable remedy of injunctive relief.  Therefore Plaintiff's claim for injunctive relief based on a violation of TILA is dismissed with prejudice.

## IV. CONCLUSION

Accordingly, as to Case Number 09-CV-05283, the Court GRANTS WITH PREJUDICE Defendants' motion to dismiss as to Plaintiff's federal claims.  The case is REMANDED to the Superior Court for San Benito County for consideration of Plaintiffs' state law claims.

As to the related Case Number 10-CV-02040, the Court GRANTS WITH PREJUDICE Defendant's motion to dismiss as to Plaintiff's claim for injunctive relief based on a violation of TILA.

For both cases, the Clerk shall close the file and terminate any pending motions.

**IT IS SO ORDERED.**

Dated: September 13, 2010

_____
LUCY H. KOH
United States District Judge

7
Case No.: 09-CV-05283-LHK and 10-CV-02040
ORDER GRANTING MOTION TO DISMISS